***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON L. STEWART, | |
| Plaintiff, | Civil Action No. 15-6360 (MAS) |
| v. | **OPINION** |
| MARC CARDONE, | |
| Defendant. | |

**SHIPP, District Judge:**

*Pro se* Plaintiff Jason L. Stewart ("Plaintiff") brings this action *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). For the reasons stated below, the Court dismisses the Complaint for failure to state a claim upon which relief can be granted.

**I.   FACTUAL BACKGROUND**

For the purposes of this Opinion, the Court accepts all facts alleged in the Complaint as true, and in the light most favorable to Plaintiff. Plaintiff is a pretrial detainee at Monmouth County Correctional Institution in Freehold, New Jersey, presumably awaiting trial for an unspecified criminal charge against him. Compl. 2-3, ECF No. 1. Plaintiff alleges that sometime between the last week of March 2015 and April 1, 2015, Defendant Marc Cardone ("Defendant"), a court coordinator for the Monmouth County Courthouse, threatened Plaintiff by stating, "we are

gonna give you what you are looking for." *Id.* at 4. Plaintiff further alleges that Defendant told him that if he did not accept a plea offer that was pending in his criminal case, he would spend the next 20 years in jail, and that Defendant would lower his bail if he took the plea deal. *Id.* at 4-6. This, Plaintiff alleges, "all but guaranteed that I would lose [sic] trial and that the judge would give me the max." *Id.* at 4. Plaintiff also alleges that "[Defendant's] position as the court coordinator does not even allow him to have contact with me," and that while Defendant summoned Plaintiff to the courthouse on at least one occasion, "I had no legal reason to be over there at the courthouse." *Id.* at 6. Finally, Plaintiff alleges that he informed his criminal attorney of these threats, which resulted in an investigation that led to Defendant being punished. *Id.* at 5. Plaintiff claims that he suffered extreme stress and emotional trauma, and is seeking one million dollars in damages. *Id.* at 6. Plaintiff also claims that his speedy trial rights have been violated by Defendant, *id.* at 4, although it is unclear from the Complaint how Defendant's actions may have delayed Plaintiff's criminal proceedings.

## II. STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

### III. DISCUSSION

A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013).

Here, Plaintiff has not alleged that Defendant violated any of his rights secured by the Constitution or other federal law. Plaintiff does not assert that the alleged threats somehow hindered or adversely affected his criminal proceedings in any way, that the alleged threats had been carried out, or that any deprivation is likely to occur in the immediate future. Indeed, Plaintiff acknowledges through his allegations that, as a court coordinator, Defendant had, and has, no authority to carry out the threats that were allegedly made. (Compl. 6.) Plea offers are made by prosecutors, and guilt and sentencing decisions by juries and judges. Plaintiff has not alleged that Defendant was a judicial officer who had the authority to influence and/or determine Plaintiff's

3

guilt, the severity of Plaintiff's sentence, or the amount of Plaintiff's bail, nor was Defendant a prosecutor who had authority to prosecute Plaintiff and make recommendations to the court in Plaintiff's criminal proceedings. Plaintiff also does not allege that Defendant somehow acted in concert with other individuals who may have had authority to carry out the alleged threats. Instead, the Complaint states that when Defendant's antics were made known to the proper authorities, Defendant was summarily punished. As such, even if the Court construes Plaintiff's claims as liberally as reasonably possible, the Court cannot envision a scenario where, taking Plaintiff's allegations as true, he could have been deprived of any rights, privileges, or immunities as required to state a § 1983 claim.[1] The Court sympathizes with Plaintiff's mental anguish that Defendant may have caused, but that does not create a cognizable § 1983 violation. *Compare Dawson v. N.J. State Trooper Barracks*, No. 11-2779, 2011 WL 3653671, at *5 (D.N.J. Aug. 19, 2011) ("[A]ll [the plaintiff] alleged was his embarrassment, shyness, hypothetical concern with suffering a social stigma and other forms of his emotional displeasure. However, the United States Constitution and its Due Process Clause do not provide Plaintiff with the right to pleasantries.").

Moreover, even if the Court was to find that an unspecified right was somehow violated, the fact that Defendant lacked any authority to perform the alleged acts precludes a finding of liability. "A finding of liability under 42 U.S.C. § 1983 requires that the defendant . . . have

---

[1] Even if Defendant was a prosecutor, threats of additional charges, harsher sentence, and other consequences supported by law, for Plaintiff's failure to accept a plea agreement, are not cognizable claims under § 1983. *See McKune v. Lile*, 536 U.S. 24, 42 (2002) ("[P]lea bargaining does not violate the Fifth Amendment, even though criminal defendants may feel considerable pressure to admit guilt in order to obtain more lenient treatment."); *Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1978) (holding that a prosecutor who "no more than openly presented the defendant with the unpleasant alternatives" of not pleading guilty did not violate due process); *United States v. Sanders*, 208 F. App'x 160, 163 (3d Cir. 2006) ("[A] prosecutor does not violate due process when he threatens serious charges to induce a guilty plea[.]").

exercised *power possessed by virtue of state law* and made possible only because the *wrongdoer* is clothed with the authority of state law." *Zelinski v. Pa. State Police*, 108 F. App'x 700, 703 (3d Cir. 2004) (quoting *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 23 (3d Cir. 1997)) (emphasis added). "[A] state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duties does not act under color of law." *Bonenberger*, 132 F.3d at 24. Furthermore, that lack of authority also creates a causation problem, as Plaintiff cannot establish a causal link between Defendant's alleged threats to the eventual deprivation of right. *See Mayora v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (finding defendants not liable for actions of the parole board because defendants did not have the authority to override the board, and "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, and dismisses the Complaint under § 1915(e)(2).[2]

## IV. CONCLUSION

For the reasons set forth above, the Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

/s/ Michael A. Shipp
Michael A. Shipp, U.S.D.J.

Dated: 1/26/16

---

[2] The Court finds that affording Plaintiff the opportunity to amend is not warranted, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111-13 (3d Cir. 2002). Plaintiff's claims are not based on any conceivable constitutional or federal right, nor are they based on any action Defendant could have taken under the color of law. As noted, Plaintiff's allegations acknowledge that Defendant was not employed in a prosecutorial or judicial capacity. No amendment can cure those defects.

5